**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ELIAS GARCIA on behalf of himself, and all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No.** |
| **vs.** | ) ) ) | |
| **TAX PROS LTD. d/b/a JACKSON HEWITT TAX SERVICE,** | ) ) ) | |
| **Defendant.** | ) ) | |

## COMPLAINT

Plaintiff, Elias Garcia, on behalf of himself and all others similarly situated, brings this action against Defendant Tax Pros Ltd. d/b/a Jackson Hewitt Tax Service (hereafter "Defendant") and states as follows:

### Nature of Plaintiff's Claims

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), for Defendant's failure to pay Plaintiff and other similarly situated employees earned overtime wages.  Plaintiff also brings an individual claim under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") for Defendant's failure to pay him overtime wages.

2.      Plaintiff and others similarly situated worked for Defendant as salaried "Office Managers."

3.      During the prior three years, Defendant required Plaintiff and other Office Managers to work more than 40 hours in one or more individual work weeks.

4.      In one or more work weeks during the prior three years, Plaintiff and other Office Managers were not paid overtime at one and one-half times their regular rates for all their time

worked in excess of 40 hours per week.

5.      Defendant violated the FLSA and IMWL by classifying Plaintiff and other Office Managers as exempt employees and failing to pay them overtime pay, even though Office Managers were non-exempt from the overtime provisions of the FLSA and IMWL.

6.      Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

## Jurisdiction & Venue

7.      This Court has jurisdiction over Plaintiff's FLSA collective action claims, which arise under U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred within this judicial district. 28 U.S.C. § 1391.

## The Parties

10.     Plaintiff resides in and is domiciled in Chicago, Illinois, within this judicial district.

11.     Plaintiff worked for Defendant from approximately January 3, 2018 until April 18, 2018.

12.     Plaintiff worked for Defendant with the job title "Office Manager" at Store No. 18685 located at 5431 W. 25th Street, Cicero, IL 60804.

13.     During the last three years, Defendant has operated more than 20 Jackson Hewitt offices in Illinois.

2

14.     Defendant is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

15.     Defendant was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

16.     Defendant was Plaintiff's "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

17.     Plaintiff was Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

18.     Plaintiff was Defendant "employee" as that term is defined the by IMWL. 820 ILCS 105/3(d).

## Background Facts

19.     During the prior three years, Defendant paid Plaintiff on a salary basis, plus bonuses based on store performance, as well as, the amount of returns prepared individually.

20.     During the prior three years, Defendant paid other Office Managers on a salary basis, plus bonuses based on store performance, as well as, the amount of returns prepared individually.

21.     From the start of Plaintiff's employment until approximately March 17, 2018, Defendant paid Plaintiff a salary of $1500 bi-weekly.  See Exhibit B, attached hereto.

22.     Between March 18, 2018 and April 21, 2018, Plaintiff was paid $12 per hour. See Exhibit C, attached hereto.

23.     Defendant required Plaintiff to work more than forty (40) hours per week in one or more work weeks.

3

24.     During the prior three years, Defendant required other Office Managers to work more than forty (40) hours per week in one or more work weeks.

25.     Office Managers performed essentially the same job duties as other staff members.

26.     Plaintiff and Defendant's other Office Managers spent the vast majority of their working hours engaged in non-managerial and non-exempt activities, such as:

     a.   preparing tax returns;

     b.  checking returns for accuracy;

     c.  keeping office in a professional clean image (required to clean desks and front door, vacuum carpet, clean bathroom, and empty trash cans);

     d.  returning client calls in timely manner;

     e.  getting daily accounting reports generated and ready for courier pickup; and

     f.  interacting with customers.

27.     Plaintiff did not regularly direct or manage the work of two or more full-time employees in individual work weeks.

28.     Defendant's other Office Managers did not regularly direct or manage the work of two or more full-time employees in individual work weeks.

29.     Plaintiff did not customarily or regularly exercise discretionary power in the performance of their job duties as Office Managers for Defendant.

30.     Defendant's other Office Managers did not customarily or regularly exercise discretionary power in the performance of their job duties.

31.     Plaintiff did not have the authority to hire other employees.

32.     Defendant's other Office Managers did not have the authority to hire other employees.

4

33.   Plaintiff did not have the authority to fire Defendant's employees.

34.   Defendant's other Office Managers did not have the authority to fire Defendant's employees.

35.   Plaintiff did not have the authority to determine other employees' rates of pay.

36.   Defendant's other Office Managers did not have the authority to determine other employees' rates of pay.

37.   Plaintiff is not a certified public accountant, nor does Plaintiff have a degree in accounting.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

38.   This count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly situated Office Managers their owed overtime pay.

39.   Defendant did not pay Plaintiff overtime compensation at one and one-half times his regular rate for the time he worked in excess of forty (40) hours in one or more individual work weeks.

40.   Defendant paid Plaintiff his straight-time rate of pay for all hours worked.

41.   Defendant did not pay other Office Managers overtime compensation at one and one-half times their regular rates for their time worked in excess of forty (40) hours.

42.   Defendant paid other Office Managers their straight-time rate of pay for all hours worked.

43.     During his employment with Defendant, Plaintiff was not exempt from the overtime provisions of the FLSA.

44.     Defendant's Office Managers were not exempt from the overtime provisions of the FLSA.

45.     Defendant's failure to pay overtime compensation to Plaintiff in one or more individual work weeks was a violation of the overtime provisions of the FLSA, 29 U.S.C. § 207.

46.     Defendant's failure to pay overtime compensation to other Office Managers in one or more individual work weeks was a violation of the overtime provisions of the FLSA, 29 U.S.C. § 207.

47.     Defendant's violation of the FLSA was willful.

48.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and other Office Managers have suffered a loss of income and other damages.

WHEREFORE, Plaintiff and other Office Managers pray for judgment against Defendant as follows:

A.     A determination that Plaintiff and other Office Managers were not exempt from the overtime provisions of the FLSA;

B.     Judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who opt-in in this action pursuant to 29 U.S.C. § 216(b);

C.     Liquidated damages in an amount equal to the amount of unpaid overtime wages owed;

D.     Reasonable attorneys' fees and costs incurred in prosecuting this action; and

E.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Plaintiff individually only)**

Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

49.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

50.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

51.     Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

52.     During his employment with Defendant, Plaintiff was not exempt from the overtime provisions of the Illinois Minimum Wage Law.

53.     Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

54.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.      a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or his regular rate of pay for all hours in which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B.      punitive damages in the amount of two percent (2%) per month of the amount of under-payment for each month following the date of under-payment, as provided

for by 820 ILCS 105/12(a);

C.     reasonable attorneys' fees and costs incurred in filing this action; and

D.     such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Date:  May 24, 2018          /s/Douglas M. Werman
                    One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

Attorneys for Plaintiff